UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY READ,

    Plaintiff,

v.                                                            Case No: 8:23-cv-662-CEH-MRM

COTY DTC HOLDINGS, LLC,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant Coty DTC Holdings, LLC's Unopposed Motion to Stay (Doc. 17), filed on April 4, 2023. In the motion, Defendant requests the Court stay this action pending the resolution of two related cases currently before the Eleventh Circuit Court of Appeals. Plaintiff does not object to the requested relief. The Court, having considered the motion and being fully advised in the premises, will grant Defendant Coty DTC Holdings LLC's Unopposed Motion to Stay.

## DISCUSSION

In this action brought by Plaintiff in state court under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, *et seq*. ("FTSA"), Defendant removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"). In her Complaint, Plaintiff alleges she received a text message from Defendant, which was made using an automated system to Plaintiff's cellular telephone without her prior written consent,

that violated the FTSA. Doc. 1-1 ¶¶ 10, 16. Defendant submits that this Court must first determine, as a threshold matter, whether the receipt of a single text message constitutes a "concrete injury" to confer Article III standing. Because the issue of Article III standing is unclear in these types of cases under Eleventh Circuit caselaw, Defendant contends that a stay is warranted until the Eleventh Circuit provides anticipated guidance through its rulings in two related cases that are currently before the appellate court.

In *Salcedo v. Hanna*, the Eleventh Circuit held that the plaintiff's receipt of a sole text message—allegedly violative of the TCPA—"do[es] not state a concrete harm that meets the injury-in-fact requirement of Article III." 936 F.3d 1162, 1172 (11th Cir. 2019). However, *Salcedo* is an outlier with the holdings of other Courts of Appeal that have considered the issue and have found standing exists based on an unsolicited text message. *See* Doc. 17 (citing *Cranor v. 5 Star Nutrition, LLC*, 998 F.3d 686, 690 (5th Cir. 2021); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 463 (7th Cir. 2020); *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 93 (2d Cir. 2019); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017)).

Defendant moves to stay all proceedings in this case, pending a final decision from the U.S. Court of Appeals for the Eleventh Circuit in the matter of *Drazen v. Pinto*, 41 F.4th 1354 (11th Cir. 2022), which reaffirmed *Salcedo* as good law, but which the Eleventh Circuit recently vacated its opinion and granted rehearing *en banc*. *See Drazen*, 61 F.4th 1297 (11th Cir. Mar. 13, 2023). The Eleventh Circuit is also considering *Muccio v. Global Motivation*, No. 22-81004-CIV-Cannon, 2022 WL 17969922 (S.D. Fla.

Dec. 27, 2022), which concerns a closely related issue of whether *Salcedo's* holding, which was a TCPA case, applies in FTSA cases. Thus, because it appears the precedential impact of *Salcedo* has been called into question with the full panel of the Eleventh Circuit vacating *Drazen* and granting rehearing *en banc*, Defendant argues that judicial economy is best served by a stay of the instant proceedings until *Drazen* and *Muccio* are concluded. Plaintiff does not oppose the request. Accordingly, it is hereby

**ORDERED**:

1. Defendant Coty DTC Holdings, LLCs Unopposed Motion to Stay (Doc. 17) is **GRANTED**.

2. This case is **STAYED** until mandate issues in the appeals in *Drazen v. Pinto*, No. 21-10199 (11th Cir.) and *Muccio v. Global Motivation, Inc.*, No. 23-10081 (11th Cir.). Within **TEN (10) DAYS** of the Eleventh Circuit's resolution of both appeals, the parties shall file a notice advising the Court of the resolution and a joint motion requesting the case be re-opened and the stay be lifted.

3. The Clerk is directed to terminate all deadlines and motions and **ADMINISTRATIVELY CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on April 11, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any